(127 So. 252)

## HOOPER v. STATE.
8 Div. 936.

Court of Appeals of Alabama.
March 18, 1930.

J. Foy Guin, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb, Asst. Atty. Gen., for the State.

PER CURIAM.

The defendant is indicted on a charge of the murder of her own mother, whom the state claims died from heart failure, superinduced by excitement caused by a blow given or as the result of a "racket" between mother and daughter while they were preparing breakfast. The defendant was not represented by counsel, and the record certainly does not indicate intelligence on the part of defendant sufficient to defend herself or to place her case squarely before a jury. During the trial, the court permitted the investigation to take a wide range, airing all the domestic troubles of the Hester family for several years. And the solicitor was permitted to make side remarks in the presence and hearing of the jury not warranted by the evidence, and prejudicial to defendant. All of this testimony was irrelevant, immaterial, and illegal, and the remarks of the solicitor illegal, and greatly to the prejudice of defendant. Having no counsel, none of this testimony nor the remarks of the solicitor were objected to and no exceptions reserved. In this state of the case, the trial judge should ex mero motu have confined the testimony to evidence germane to the issue, to the end that the defendant might have a fair and impartial trial according to the rules of law. The solicitor's remarks also should have been excluded. The theory is that when a defendant is indicted by a grand jury and tried before a jury in open court, presided over by a judge learned in the law, such defendant has had every right guaranteed by the Constitution. When a defendant is represented by counsel of his own choosing the judge may rely on such counsel to conduct the defendant's case, but, where there is no counsel, and a weak and defenseless defendant, a grave responsibility rests upon the trial judge to see that there be no miscarriage of justice and that the theory shall be a substance and not a shadow.

We have *carefully* read and re-read the record in this case. For obvious reasons we do not, nor would it be proper, for us to discuss or comment upon the tendencies of the evidence, but the court is unanimously of the opinion a veneration for "fair play" and the ends of justice demand that this defendant should have a new trial.

The motion for new trial should have been granted, and, for the error in refusing it, the judgment is reversed, and the cause is remanded.

Reversed and remanded.